# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| GREGORY E. GRANTHAM, *et al.*, | Case No. 2:12-CV-00671-KJD-CWH |
| Plaintiffs/Appellants, | Bankruptcy Appeal from:<br>Adversary No. 12-01025 BAM |
| v. | Bankr. Case No. bk-03-19478 BAM<br>*consolidated with* |
| TIMOTHY S. CORY, *et al.*, | Bankr. Case No. bk-03-25222 BAM<br>Chapter 7 |
| Defendants/Appellees. | **ORDER** |

Before the Court is the appeal of Plaintiffs/Appellants Gregory Grantham and John Saba (collectively "Planitiffs") from an Order of the Bankruptcy Court dismissing their Complaint (#11). Defendants Timothy Cory, Chapter 7 Trustee of the consolidated bankruptcy estates of Flamingo 55, Inc. and Vegas Townhome Partners, LP, and his attorneys Durham Jones & Pinegar PA (collectively "Defendants") filed an answering brief (#12) to which Plaintiffs filed a reply (#15).

I.  Introduction

Plaintiffs, as successors in interest to Broadway Acacia, LLC, ("BA") seek review of the order of the Bankruptcy Court dismissing their action against Defendants. In several proceedings before Judge Bruce Markell, the Bankruptcy Court determined that a parcel of land containing 54 unimproved lots in Las Vegas Nevada (the "Property") was the property of the bankruptcy estate of Flamingo 55. Subsequently, Plaintiffs contended before the Bankruptcy Court that a ruling by the United States Court of Appeals for the Ninth Circuit demonstrates that property which the Trustee

sold actually was the property of a partnership between Flamingo 55, Inc. and BA. Plaintiffs sought dissolution of the partnership and contended that the proceeds of that sale constitute partnership property and that the Trustee is wrongfully withholding funds in which the partnership has an interest.

The Bankruptcy Court dismissed the action because Plaintiffs were seeking to litigate issues already decided by the Bankruptcy Court and the Ninth Circuit's decision did not affect the Bankruptcy Court's prior determinations that the Property was part of the bankruptcy estate. Plaintiffs appealed.

II. Background

The parties are familiar with the underlying facts in this case and a more detailed background of this case has been recounted in prior orders of the Bankruptcy Court. See, e.g., In re Flamingo 55, Inc., 378 B.R. 893, 899 (Bkrtcy.D.Nev. 2007) (the "Subrogation Opinion"). The relevant procedural facts of this case are as follows. On July 31, 2003, an involuntary Chapter 7 bankruptcy petition was filed against Flamingo 55, Inc. ("Flamingo 55") as case no. 03-1947-BAM. On January 15, 2004, Defendant Cory was added as Chapter 7 trustee. See In re Flamingo 55, Inc., 378 B.R. 893, 901 (Bankr. D. Nev. 2007).

On December 12, 2003, Vegas Townhome Partners, L.P. ("Vegas Townhome") filed a voluntary Chapter 11 petition, as case no. 03-25222-BAM. On March 18, 2004, Vegas Townhome's Chapter 11 case was converted to a Chapter 7 case and the Trustee was added to the Vegas Townhome case as Chapter 7 trustee. On May 12, 2004, the Chapter 7 case of Flamingo 55 and Vegas Townhome (the "Debtors") were consolidated and the Trustee was confirmed as the trustee for the consolidated case.

Before the Flamingo 55 bankruptcy, the Property was conveyed to entities controlled by Plaintiffs. The Trustee brought a fraudulent transfer action against Plaintiffs (the "Fraudulent Transfer Action"). This action was settled on August 3, 2004 when Plaintiffs signed a Quitclaim

Deed conveying all right, title, and interest in and to the Property to Flamingo 55.  The Bankruptcy Court approved settlement of the Fraudulent Transfer Action on September 22, 2004.

On May 7, 2004, Plaintiffs filed a proof of claim against the Debtors' estate (the "Claim"), asserting a secured claim for $5,000,000.00 against the Property.  The Trustee objected to the claim and on November 16, 2004, the Bankruptcy Court entered an order disallowing the Claim (the "Claim Order").  Plaintiffs appealed the Claim Order to the District Court.  The District Court upheld the decision of the Bankruptcy Court and Plaintiffs unsuccessfully appealed to the Ninth Circuit.

On November 30, 2004, the Bankruptcy Court entered an Order authorizing the Trustee to sell the real property of the estate, including the Property (the "Sale Order").  Plaintiffs acknowledged in their objection to the sale, that the Property was property of the bankruptcy estate. Plaintiffs filed a notice of appeal of the Sale Order, which they moved to dismiss on March 4, 2005.

On February 1, 2005, Plaintiffs filed a complaint against the Trustee in an adversary proceeding, case no. 05-01020-BAM (the "First Adversary Complaint"), seeking a declaratory judgment that Plaintiffs are the owners of the Property and entitled to an equitable lien on the Property, and seeking a constructive trust on the Property in their favor.  The Bankruptcy Court granted summary judgment on the claims raised in the First Adversary Complaint and ruled that the estate owned the Property and that Plaintiffs lacked a claim to the Property.

The Property was eventually sold in July 2005 and the Trustee retained the proceeds from the sale.  On November 19, 2005, Plaintiffs filed a claim based on subrogation in the consolidated case (the "Subrogation Claim").  The Trustee filed an objection to the Subrogation Claim.  The Bankruptcy Court disallowed the Subrogation Claim and issued an opinion (the "Subrogation Opinion") in which the Bankruptcy Court held that Plaintiffs' interest in Flamingo 55 was equity interest only and not an interest in the ownership of the Property.  Accordingly, the Bankruptcy Court found that the Trustee's claim to the property had priority over any alleged subrogation claim and "As of [the Trustee's] appointment, he had the status of a bona fide purchaser of the . . . Property without notice of [Plaintiffs'] claimed subrogation interest."

Plaintiffs moved for reconsideration of the Order, which the Bankruptcy Court denied. Plaintiffs then appealed to the District Court, which affirmed the Bankruptcy Court's ruling. Plaintiffs appealed to the Ninth Circuit, which affirmed the Bankruptcy Court's disallowance of the subrogation claim. In its opinion, the Ninth Circuit noted the Bankruptcy Court's determination that BA was partners with Flamingo 55, and stated that "We clarify that it is [BA's] position as a partner or coventurer in the development enterprise that distinguished it as a joint borrower rather than a mere surety, guarantor or accommodation comaker." In re Flamingo 55, Inc., 646 F.3d 1253, 1255 (9th Cir. 2011).

Plaintiffs contend that this language established BA's interest in the Property. On September 27, 2011, Plaintiffs filed a complaint against Defendants in District Court (the "Dissolution Complaint," case no: 2:11-cv-01569-PMP -VCF). Based on the Ninth Circuit's ruling, Plaintiffs sought dissolution of the partnership between BA and Flamingo 55, Inc. and further sought judgment against the Defendants based on the Trustee's sale of the Property. Judge Philip M. Pro referred the matter to the Bankruptcy Court because the claims were core proceedings.

Plaintiffs' Dissolution Complaint claimed that the Ninth Circuit had "determined that Grantham and Saba's predecessor in interest Broadway-Acacia, LLC, and the debtor Flamingo 55, Inc., were partners or coventurers in a venture to develop certain property." On February 24, 2012, the Trustee filed a Motion to Dismiss the Complaint, which the Bankruptcy Court granted on April 6, 2012. Plaintiffs now appeal the order of the Bankruptcy Court dismissing the Dissolution Complaint.

III. Discussion

A. Legal Standard

The District Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court pursuant to 28 U.S.C. § 158. A district court reviews de novo a bankruptcy court's conclusions of law. See In re Lazar, 83 F.3d 306, 308 (9th Cir. 1996); In re Frontier Props.,

Inc., 979 F.2d 1358, 1362 (9th Cir. 1992).  Because the Bankruptcy Court determined that Plaintiffs' claims failed as a matter of law, the Court reviews the decision de novo.

### B. Collateral Estoppel and Res Judicata

The principle of collateral estoppel or issue preclusion, dictates that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980).  A party is estopped from relitigating an issue where: 1) The issue is same as that involved in the prior action; 2) The issue was litigated in the prior action; 3) The issue has been determined by a valid and final judgment; and 4) The determination must have been essential to the final judgment.  See In re Pizante, 186 B.R. 484, 488 (9th Cir. BAP 1995); In re Berr, 172 B.R. at 306.

Res judicata is a similar principle which operates to bar specific claims.  "Generally, four elements must be present in order to establish the defense of res judicata: (1) the parties were identical in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and, (4) the same cause of action was involved in both cases." In re Heritage Hotel Partnership, I  160 B.R. 374, 376 -377 (9th Cir.BAP 1993).  Generally, res judicata prevents a party from raising claims arising out of the same transaction or series of transactions.  In re Associated Vintage Group, Inc.,  283 B.R. 549, 556 (9th Cir.BAP 2002). (quoting Restatement (Second) of Judgments § 24).

The issue of whether the Property was part of the estate has been litigated by the parties and determined by valid and final judgments.  In dismissing the Dissolution Complaint, the Bankruptcy Court stated that "there have been prior rulings of this Court that either explicitly or necessarily found that the real property was titled... in the Flamingo 55 estate... . Indeed part of that title transfer involves a quitclaim deed by the Plaintiffs in this case to the estate."  The issue was fully litigated because Plaintiffs opposed the Trustee's sale, pursued the subrogation claim, and litigated the First Adversary Complaint.  Finally, the Bankruptcy Court's determination was essential to these

judgments, specifically its determination that, to the extent there was a partnership between BA and Flamingo 55, the partnership did not own the Property.

Despite Plaintiffs' strident assertion at argument before Judge Markell that "[t]he ruling of the circuit court says that we were partners and the partnership owned the land," the Ninth Circuit made no such factual determination. The Ninth Circuit's opinion was entirely consistent with the Subrogation Order and the prior orders of the Bankruptcy Court. The Ninth Circuit acknowledged the existence of a partnership for development between BA and Flamingo 55 while unambiguously adopting the Bankruptcy Court's factual finding that Flamingo 55 owned the Property and that the judgment on this issue was final. Had the Ninth Circuit believed that the Bankruptcy Court made so consequential an error in its determination that the Property was part of the estate, it would have said so. Instead the Ninth Circuit affirmed the Subrogation Order, adopted the Bankruptcy Court's findings of fact wholesale, and made only a clarification in the scope of the Subrogation Order.

IV. Conclusion

The Court has reviewed the issues presented in this appeal de novo. Based on this review, the Court concludes that the Bankruptcy Court was correct in its determination that Plaintiffs failed to state a viable claim. The claims and issues raised in the Dissolution Complaint have previously been litigated between the parties. The Bankruptcy Court has determined more than once that the Property did not belong to any partnership between BA and Flamingo 55 and that it was properly included in the bankruptcy estate.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' appeal (#11) is **DENIED** and the ruling of the Bankruptcy Court dismissing this action is **AFFIRMED**.

DATED this 28th day of February 2013.

_____
Kent J. Dawson
United States District Judge

6